per cent. under the provisions of section 17 of the act of August 30th, 1842 (5 Stat. 564), nor under those of section 13 of the act of March 1st, 1823 (3 Stat. 734), for the like reason, and also because the increased duty or penalty specified in each of those acts was 50 per cent., and the collector could not exact a less or different one.

Judgment for the plaintiffs for $406.40, with interest.

## Case No. 2,699.

### CHRIST et al. v. SCHELL.

[17 Leg. Int. 350.] [1]

Circuit Court, D. New York. 1860.

CUSTOMS—DUTY ON BLANKETS.

[The tariff act of 1857 did not change the legal effect of the act of 1846, but operated as a mere reduction of the duties provided therein.]

At law. This action, which was concluded on Saturday, was brought [by Christ, Jay, & Hess against Augustus Schell] to recover the difference between the duties of fifteen and twenty-four per cent., which latter rate had been exacted by the collector upon an invoice of certain manufactures of wool, styled in the entry and invoice Gentian blankets. The tariff act of 1846 [9 Stat. 42] arranged articles in schedules. In Schedule C, "manufactures of wool not otherwise provided for" were charged with a duty of thirty per cent.; and in Schedule E, "blankets of all kinds" were charged with a duty of twenty per cent. The tariff act of 1857 [11 Stat. 192], reducing the duty on imports, provides that the articles enumerated in Schedule C of the tariff act of 1846, should, after July 1, 1857, pay a duty of twenty-four instead of thirty per cent., and those enumerated in Schedule E should, after the same date, pay fifteen instead of twenty per cent. The plaintiffs contended that they were entitled to enter the goods in question at the rate of fifteen per cent., and submitted that the question to be decided was whether the articles in question were blankets, as commercially known at the date of the tariff act of 1857.

NELSON, Circuit Justice, held that there had been no reconstruction of the tariff act of 1846 by that of 1857; that the latter act did not change the legal operation of the former, but operated as a mere reduction of the duties provided for in it; that the plaintiffs must, therefore, confine their testimony to a time at and previous to the passage of the tariff act of 1846.

The plaintiffs then called five or six witnesses, merchants and clothiers, to prove that the articles in question were commercially

[1] [Reprinted by permission.]

known as blankets prior to the act of 1846. Two witnesses on the part of the government testified that the article in question, before the tariff act of 1846, was imported in pieces of thirty or forty yards, and after that time it came in the shape of a pair of blankets, such as the importers produced in court; but that the article in both shapes was used mainly for the manufacture of overcoats.

The jury, having retired under the charge of the court, returned into court, and stated that they were unable to agree. The judge, at their request, again charged them that, if they believed that the article in question had been imported in its present form with a design to evade the legal duty on cloths, that they should find for the defendant. The jury again retired, and, being unable to agree, were discharged until Monday. It is understood that eleven of the jurors were in favor of a verdict for the collector.

[NOTE, For another action by the same plaintiffs, and involving the same questions, see Case No. 2,697.]

CHRISTIAN (AMERICAN MIDDLINGS PURIFIER CO. v.). See Case No. 307.

CHRISTIANA CASE. See Case No. 16,705.

CHRISTIANA TREASON CASE. See Case No. 15,299.

CHRISTIANSON (GOULD v.). See Case No. 5,636.

## Case No. 2,700.

### CHRISTIE v. BUCKEYE INS. CO.

[5 Am. Law T. 42; 6 Am. Law Rev. 765.]

Circuit Court, N. D. Ohio. 1872.

MARINE INSURANCE—PAYMENT OF LOSS.

The question raised was whether, under a marine policy of $11,000, the insured could recover the full amount of the policy for a total loss where there had been prior general average loss, upon which the company had paid $1,208, or whether the company was entitled to have that amount deducted from the total amount due on the final loss. The company was held liable to the full face of their policy on final total loss, notwithstanding the payment of prior general average losses.

## Case No. 2,701.

### The CHRISTINA.

[The case reported under above title in Deady, 49, is the same as Case No. 17,059.]

CHRISTINA, The (WALING v.) See Case No. 17,059.